**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HTC GLOBAL SERVICES, INC.,

                Plaintiff,

                                Hon. _____

       vs                     Civil Action No. _____

RAJU KHANDAVE and               Removed from:
COGNIZANT TECHNOLOGY SOLUTIONS,   Oakland County Circuit Court
A Foreign Corporation,               Case No. 12-128297-CK
                                Hon. Nancy J. Grant

                Defendants.

---

John G. Coutilish (P40562)          Lawrence J. DeBrincat (P43338)
5700 Crooks Road, Suite 220        DEBRINCAT PADGETT KOBLISKA & ZICK
Troy, Michigan 48098              34705 W 12 Mile Rd Ste 311
248-375-1000                         Farmington Hills, MI  48331
(866) 862-1546 (Facsimile)         248-848-7878
Coutilish@Comcast.Net           248- 489-1453 (facsimile)
                                 losu1@msn.com

Attorney For Plaintiff             Attorney for Raju Khandave

                                Thomas W. H. Barlow (P10443)
                                Kimberly A. Yourchock (P72336)
                                JACKSON LEWIS LLP
                                2000 Town Center, Suite 1650
                                Southfield, MI 48075
                                248-936-1900
                                248-936-1901 (facsimile)
                                barlowt@jacksonlewis.com
                                kimberly.yourchock@jacksonlewis.com

                                Attorneys for Cognizant Technology Solutions

---

**NOTICE AND PETITION FOR REMOVAL (BY ALL DEFENDANTS)**

Clerk of the Court                John G. Coutilish (P40562)
6th Judicial Circuit (Oakland County)     5700 Crooks Road, Suite 220
1200 N. Telegraph Rd.             Troy, Michigan 48098
Pontiac, MI 48341-0404

## INTRODUCTION

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants, Cognizant Technology Solutions ("Cognizant")[1] and Raju Khandave ("Kandave" and collectively with "Cognizant," "Defendants"), by and through their respective counsel, hereby remove this action from the Sixth Circuit Court, County of Oakland, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan, Southern Division.   In support of their Petition, Defendants state as follows:

## OVERVIEW

1.      This case is removable to the U.S. District Court because Plaintiff HTC Global Services, Inc. ("Plaintiff") is a resident of Michigan while Defendants are not.   Specifically, Cognizant Technology Solutions ("Cognizant") is incorporated in New Jersey, and its principal place of business in the United States is located in New Jersey. Defendant Raju Khandave ("Khandave") is a resident of Pennsylvania. In addition, the amount in controversy in this case exceeds $75,000.   Accordingly, removal is appropriate under 28 U.S.C. § 1332.

2.      This case is also removable to the U.S. District Court because Plaintiff seeks relief relating to an employment agreement between Plaintiff and Defendant Khandave which contains a mandatory arbitration provision; thus, invoking the original jurisdiction of the U.S. District Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 205 .

3.      This removal notice is timely filed under 28 U.S.C. § 1446.

---

[1] Cognizant, a corporation that is not incorporated in Michigan and does not have its principal place of business in Michigan, contests that it is subject to the *in personam* jurisdiction of the Michigan Courts or this Court. By filing this removal, Cognizant does not consent to the personal jurisdiction of this Court and does not waive its objections to attempted exercise of such and reserves all rights and defenses with respect to this issue and/or defense.

## SERVICE OF THE COMPLAINT AND SUMMONS

4.      On or about July 23, 2012, Plaintiff filed its complaint against Defendants, Civil Action No. 12-128297-CK, in the Oakland County Circuit Court, State of Michigan (Hon. Nancy J. Grant), alleging breach of contract and seeking injunctive relief.

5.      That same date, Plaintiff also filed an *Ex Parte Motion for A Show Cause Order and Preliminary Injunction.*

6.      On July 24, 2012, the Oakland County Circuit Court issued an order to show cause to Defendants.

7.      A copy of the Complaint, summons *ex parte* motion and order to show cause are attached as **Exhibit 1**. The documents attached as Exhibit 1 constitute all process, pleadings and orders served upon Defendants to date in the matter pending in state court.

8.      Plaintiff served Defendant Cognizant's agent with the complaint, summons, *ex parte* motion and state court order to show cause via personal service on August 7, 2012.

9.      Plaintiff served Defendant Kandave with the complaint, summons, *ex parte* motion and state court order to show cause via personal service on August 8, 2012.

10.     Defendants reserve their rights to challenge the effectiveness and timeliness of service of process as well as its rights to assert any and all jurisdictional, procedural or substantive defenses including, but not limited to, this Court's lack of personal jurisdiction.

## REMOVAL GENERALLY

11.     28 U.S.C. § 1441(b) permits removal to this Court of "Any civil action of which the District Courts have original jurisdiction founded on a claim or arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of

the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## DIVERSITY JURISDICTION

12.     28 U.S.C. § 1332(a) grants original jurisdiction in the United States District Courts for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between. . .(1) citizens of different States."

13.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00); and (b) Plaintiff and Defendants are citizens of different states and neither Defendant is a Michigan citizen.

## A.     AMOUNT IN CONTROVERSY.

14.     The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) in this action because, as stated in the Complaint, Plaintiff seeks:

(a)     damages in an amount above $25,000 (Ex. 1, Complaint, ¶¶  4,14, 20-21);

(b)     interest, costs and reasonable attorney fees (Ex. 1, Complaint, ¶¶  20); and

(c)     injunctive relief; specifically, Plaintiff seeks to enjoin Defendants "from assigning Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania or any other customer of Plaintiff HTC, for a period of two (2) years. (Ex. 1, Complaint, ¶¶ 20-21). Such nonmonetary relief may be considered as part of the amount in controversy pursuant to 28 U.S.C. 1446(c)(2)(A)(i).

15.     In addition, Defendant Khandave's annual base salary while working for HTC alone exceeds the $75,000 jurisdictional threshold.

16.     For the reasons and facts stated herein, Defendants believe in good faith that the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

## B.     DIVERSITY OF CITIZENSHIP.

17.     At the time this action was commenced and to date, Plaintiff, upon information and belief, is a Michigan corporation with its headquarters located in Troy, Oakland County, Michigan.  (See Ex. 1, Complaint, ¶ 1).

18.     At the time this action was commenced and to date, Defendant Khandave, an individual, was and is a resident of Plymouth Meeting, Pennsylvania.

19.     At the time this action was commenced and to date, Defendant Cognizant was and is incorporated in the State of New Jersey, has its principal place of business in the State of New Jersey and therefore, was and is a citizen of New Jersey.

20.     Indeed, Plaintiff acknowledges the diverse citizenship of Plaintiff and Defendants in its Complaint.  (See Ex. 1, Complaint, ¶¶ 1-3).

21.     Thus, complete diversity exists between Plaintiff and Defendants at the time this removal petition is being filed.

## FEDERAL QUESTION JURISDICTION

22.     28 U.S.C. § 1331 grants original jurisdiction in the United States District Courts for "all civil actions arising under the Constitution, laws, or treaties of the United States."

23.     The Federal Arbitration Act, 9 U.S.C. § 202, provides that an "arbitration agreement … arising out of a legal relationship, whether contractual or not, which is considered as commercial…falls under the Convention."

24.     Plaintiff's Complaint seeks relief based on an "Employee Agreement" entered into between Plaintiff and Defendant Khandave.  (See Exhibit A to Complaint). Paragraph 5 of this "Employee Agreement;" however, includes a mandatory arbitration provision.

25.     "Mandatory arbitration agreements in the employment context are governed by the Federal Arbitration Act, which evidences a strong policy preference in favor of arbitration." *Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997, 1001 (6th Cir. 2009) (citing *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001)).

26.     9 U.S.C. § 205 provides that where "the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."

27.     Thus, this court also has original jurisdiction over this matter which relates to an arbitration agreement governed by the Federal Arbitration Act.  Accordingly, removal is proper pursuant to § 1441(b).

## VENUE

28.     Venue lies in the United States District Court for the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(b) because the state action was filed in this district.

29.     Defendants reserve their rights to challenge the propriety of Plaintiff's initiation of this action in Michigan as well as its rights to assert any and all jurisdictional, procedural or substantive defenses including, but not limited to, challenging venue.

**REMOVAL**

30.     The prerequisites for removal under 28 U.S.C. §§ 1441 have been met.

31.     This action is thus properly removable under 28 U.S.C. § 1441(a) because the United State District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); and because the United States District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

32.     Pursuant to 28 U.S.C. § 1446(b), Defendants file this notice of removal within 30 days after they were served with the summons and complaint.

33.     Defendants have not yet filed answer(s) or other responsive pleading(s) in the state action.

34.     Defendants have paid or will pay the filing fees prescribed by this Court's rules.

35.     This Notice and Petition is being served upon Plaintiff by mail, and a copy of the Notice is being filed with the Clerk of the Sixth Circuit Court pursuant to 28 U.S.C. § 1446(d).

36.     Defendants submit this Notice and Petition for Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has asserted claims upon which relief can be granted.

WHEREFORE, Defendants respectfully request that the U.S. District Court for the Eastern District of Michigan accept the removal of this action from the state court and direct that the Sixth Circuit Court, County of Oakland, State of Michigan, have no further jurisdiction on this matter unless and until this case is remanded.

/s/ Lawrence J. DeBrincat (w/consent)
Lawrence J. DeBrincat (P43338)
DEBRINCAT PADGETT KOBLISKA &
ZICK
34705 W 12 Mile Rd Ste 311
Farmington Hills, MI  48331
248-848-7878
248- 489-1453 (facsimile)
 losu1@msn.com

/s/ Kimberly A. Yourchock
Thomas W. H. Barlow (P10443)
Kimberly A. Yourchock (P72336)
JACKSON LEWIS LLP
2000 Town Center, Suite 1650
Southfield, MI 48075
248-936-1900
248-936-1901 (facsimile)
barlowt@jacksonlewis.com
kimberly.yourchock@jacksonlewis.com

Attorney for Defendant Raju Khandave

Attorneys for Cognizant Technology Solutions

---

**PROOF OF SERVICE**

The undersigned hereby certifies that the foregoing instrument was served upon all parties/attorneys in the above cause at their respective addresses disclosed on the pleadings on August 13, 2012 by:

| □ Hand Delivery | √ U. S. Mail |
| √ ECF | □ FAX |

___/s/ Kimberly A. Yourchock____
/s/ KIMBERLY A. YOURCHOCK

---

4839-9710-2864, v.  1

# EXHIBIT 1

Legal Software, Inc.
(800) 530-2255
Approved, SCAO

Original - Court
1st copy -Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | SUMMONS AND COMPLAINT | CASE NO. |
|---|---|---|---|
| 6th | JUDICIAL JUDICIAL CIRCUIT COUNTY | | 2012-128297-CK 2012-   CK JUDGE GRANT |

Court address
1200 Telegraph Road, Pontiac, Michigan

Court telephone no.
(248) 858-1000

Plaintiff name(s), address(es) and telephone no(s).
HTC Global Services, Inc.

V

Defendant name(s), address(es), and telephone no(s).
Raju Khandave
801 Deer Creek Dr.
Plainsboro, NJ 08536

Cognizant Technology Solutions
500 Frank W. Burr Blvd
Teaneck, NJ 07666

Plaintiff attorney, bar no., address, and telephone no.
JOHN G. COUTILISH (P40562)
5700 Crooks
Suite 220
Troy, Michigan 48098
(248) 375-1000

**SUMMONS**   NOTICE TO THE DEFENDANT:  In the name of the people of the State of Michigan, you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| JUL 23 2012 | OCT 22 2012 | Bill Bullard Jr. |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT**   *Instruction: The following is information that is required to be in the caption of every complaint and is to by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and*

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of has been previously                                                                            Court.
The  ☐ remains  ☐ is no longer  pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the has been previously                                                                            Court.
The  ☐ remains  ☐ is no longer  pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Troy, Michigan | Blue Bell, PA |

Place where action arose or business conducted
Troy, MI

I declare that the **complaint information above and attached** is true to the best of my information, knowledge, and

| July 23, 2012 | | P40 S62 |
|---|---|---|
| Date | Signature of attorney/plaintiff | |

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

HTC GLOBAL SERVICES, INC.,
a Michigan Corporation

        Plaintiff,

v.

RAJU KHANDAVE and
COGNIZANT TECHNOLOGY SOULTIONS,
a Foreign Corporation

        Defendants.

_____/

2012-128297-CK
JUDGE GRANT

JOHN G. COUTILISH (P40562)
Attorney for Plaintiff
5700 Crooks Road, Suite 220
Troy, Michigan 48098
(248) 375-1000

_____/

## ORDER TO SHOW CAUSE

At a session of said Court
held in the City of Pontiac,
State of Michigan
on  JULY 24  , 2012

Present: HON.  NANCi  J.  GRANT  
        CIRCUIT COURT JUDGE

Plaintiff having filed its Complaint and Ex-Parte Motion for a Show Cause Order and for

a Preliminary Injunction and the Court being otherwise advised in the premises;

IT IS HEREBY ORDERED THAT Defendants RAJU KHANDAVE and

COGNIZANT TECHNOLOGY SOULTIONS, shall show cause at the above-referenced

Courthouse on  AuGusT 15, 2012  at 8:30 a.m., or as soon thereafter as counsel may be

NOTICE, THIS ORDER CONTAINS DATES SET BY THE COURT
YOU WILL NOT RECEIVE FURTHER NOTICE OF THIS DATE.
JUDGE'S CHAMBERS

Received for Filing Oakland County Clerk 2012 JUL 24 PM 04:29

heard, why a preliminary injunction should not be entered prohibiting Defendants RAJU

KHANDAVE and COGNIZANT TECHNOLOGY SOULTIONS, from assigning Defendant

RAJU KHANDAVE at Aetna, Inc., located in Blue Bell, Pennsylvania or any other customer of

Plaintiff HTC, for a period of two (2) years.

IT IS FURTHER ORDERED THAT Plaintiff shall *PERSONALLY* serve Defendants with a copy of this

Order and all supporting documentation filed in this Court at least seven (7) days prior to the

hearing date referenced above.

/s/ Judge Nanci J. Grant   TP
OAKLAND COUNTY CIRCUIT JUDGE

NOTE: Plaintiff shall file a praecipe to ensure this matter is properly added to Judge
Grant's August 15, 2012 Motion-Call docket.

Received for Filing Oakland County Clerk 2012 JUL 24 PM 04:29

NOTICE, THIS ORDER CONTAINS DATES SET BY THE COURT
YOU WILL NOT RECEIVE FURTHER NOTICE OF THIS DATE.
JUDGE'S CHAMBERS

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

HTC GLOBAL SERVICES, INC.,
a Michigan Corporation

        Plaintiff,

                         2012-128297-CK
                      ~~Case No. 2012-_____-CK~~

                        Hon. JUDGE GRANT

v.

                        This case has been designated as an
RAJU KHANDAVE and           eFiling case, visit
COGNIZANT TECHNOLOGY SOULTIONS,  www.oakgov.com/clerkrod/efiling to
a Foreign Corporation              review a copy of the Notice of
                            Mandatory eFiling

        Defendants.

_____/

JOHN G. COUTILISH (P40562)
Attorney for Plaintiff
5700 Crooks Road
Suite 220
Troy, Michigan 48098
(248) 375-1000

_____/

## PLAINTIFF'S COMPLAINT FOR CIVIL DAMAGES AND INJUNCTIVE RELIEF

THERE IS NO OTHER PENDING OR
RESOLVED CIVIL ACTION ARISING
OUT OF THE SAME TRANSACTION OR
OCCURRENCE AS ALLEGED IN THE COMPLAINT

      Plaintiff HTC Global Services, Inc., a Michigan Corporation, through its undersigned

attorney, John G. Coutilish, states as its Complaint against Defendants as follows:

      1.    Plaintiff HTC Global Services, Inc., ("HTC") is a Michigan Corporation, with its

headquarters located in Troy, Oakland County, Michigan.

      2.    Defendant RAJU KHANDAVE ("KHANDAVE") is a former employee of HTC and,

upon information and belief, is a resident of Plainsboro, New Jersey.

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

3.     Defendant COGNIZANT TECHNOLOGIES, INC., ("COGNIZANT") is, upon information and belief, a New Jersey Corporation, which conducts business in Teaneck, New Jersey and currently employs Defendant KHANDAVE in Blue Bell, Pennsylvania.

4.     The amount in controversy exceeds $25,000.00, exclusive of costs and interest and/or is otherwise within the jurisdiction of this Court.

## COUNT I

## BREACH OF CONTRACT

5.     Plaintiff HTC incorporates by this reference Paragraphs 1 through 4, above as though more fully set forth herein.

6.     On April 18, 2006, Defendant KHANDAVE entered into an Employment Agreement with Plaintiff HTC ("Agreement"). See, attached Exhibit "A".

7.     Paragraph 2 of the Agreement restricts Defendant KHANDAVE from directly or indirectly working for any customer of Plaintiff HTC for two years following the termination of his employment with Plaintiff HTC. See, attached Exhibit "A".

8.     Paragraph 5 of the Agreement entitles Plaintiff HTC to injunctive relief, among other things, if Defendant KHANDAVE violates Paragraph 2 of the Agreement. See, attached Exhibit "A"

9.     On April 13, 2012, Defendant KHANDAVE voluntarily terminated his relationship with Plaintiff HTC and, upon information and belief, thereafter joined Defendant COGNIZANT

10.     Upon information and belief, Defendant COGNIZANT assigned Defendant KHANDAVE through a third party thereafter to a customer of Plaintiff HTC at that customer's facilities in Blue Bell, Pennsylvania.

11.     On June 22, 2012, Plaintiff HTC notified Defendant KHANDAVE that his assignment at Plaintiff HTC's customer violates the Agreement. See, attached Exhibit "B".

2

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

12.     On June 29, 2012, Plaintiff HTC notified Defendant COGNIZANT that its assignment of Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania violates the Agreement. See, attached Exhibit "C".

13.     To date, upon information and belief, Defendants have failed and/or refused to remove Defendant KHANDAVE from working at Plaintiff HTC's customer in Blue Bell, Pennsylvania.

14.     As a natural, direct and proximate result of the foregoing, Defendant KHANDAVE has breached the Agreement and, Plaintiff HTC is entitled to damages, among other things.

## COUNT II

### REQUEST FOR INJUNCTIVE RELIEF

15.     Plaintiff HTC incorporates by reference Paragraphs 1 through 14, above, as though more fully set forth herein.

16.     Defendant KHANDAVE has breached the Agreement, by virtue of his violations set forth in this Complaint.

17.     Plaintiff HTC has no adequate remedy at law for the actions of Defendants will cause Plaintiff HTC irreparable harm as a result of Defendant KHANDAVE's breach of Paragraph 2 of the Agreement.

18.     Defendants will, unless restrained preliminarily and permanently, continue to violate Plaintiff HTC's rights by Defendant KHANDAVE continuing to be assigned by Defendant COGNIZANT at Plaintiff HTC's customer in Blue Bell, Pennsylvania.

19.     Accordingly, a preliminary and permanent injunction restraining and enjoining Defendants from continuing these actions is the only remedy that will afford Plaintiff HTC meaningful relief.

20.     Pursuant to MCR 3.310 and the Agreement, Plaintiff respectfully request that this Honorable Court issue a Preliminary Injunction prohibiting Defendants KHANDAVE and COGNIZANT from assigning Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania or any other customer of Plaintiff HTC, for a period of two (2) years.

WHEREFORE, Plaintiff HTC Global Services, Inc., respectfully requests that this Honorable Court enter a judgment against Defendant KHANDAVE in an amount exceeding $25,000.00, plus costs, interest and attorney fees; and enter an Injunction prohibiting Defendants KHANDAVE and COGNIZANT from assigning Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania or any other customer of Plaintiff HTC, for a period of two (2) years.

**JOHN G. COUTILISH, P.C.**

/s/ John G. Coutilish
John G. Coutilish (P40562)
Attorney for Plaintiff
5700 Crooks Road
Suite 220
Troy, Michigan 48098
(248) 375-1000

Dated: July 23, 2012

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

4

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

# EXHIBIT A



**global services, inc.**

### Employee Agreement

We thank you for applying to HTC Global Services, Inc. (HTC). We are pleased to inform you that you have cleared the interview and have been selected to work in the HTC Global Services, Inc. technical team, subject to approval of your H-1B visa from the USCIS and other U.S. Governmental agencies.

1. **Confidentiality:** As part of your employment, you will acquire or develop confidential and proprietary information concerning the Company and its dealings and method of dealings with its customers, their clients or end users. Also, employees and you will develop relationships of special trust and confidence with the Company's customers, their clients or end users, and employees (collectively, "Confidential Matter"). You agree that such Confidential Matter is for the Company's exclusive benefit and that, both during your employment and at all times thereafter, you will not directly or indirectly use or disclose any Confidential Matter except for the sole benefit and with the consent of the Company. Upon the conclusion of your employment, you will promptly return all documents and information (including computer generated or stored matters) concerning the Company or its customers and employees.

2. **Non-Competition and Non-Solicitation:** During the period and until two (2) years following the termination of your employment for whatever reason (which time period shall be extended by the length of time during which you are in violation of this paragraph), you shall not directly or indirectly solicit the business of (or otherwise deal in a manner adverse to the Company with) or provide any software engineering, consulting or programming or sales services to any customer of the Company (regardless whether or not you personally dealt with that party during your employment) or to any customer or end-user of any customer of the Company for which or for whose benefit you provided services during your employment nor directly or indirectly solicit the services of (or otherwise deal in a manner adverse to the Company with) any employee of the Company or induce such employee to terminate his or her employment. If this provision is ruled to be unduly restrictive or otherwise unenforceable in any respect, you agree to be bound by the most restrictive, non-compete terms allowable under Michigan law.

3. **Relocation and Termination:** You are employed by the Company on an at-will basis. Except in cases of termination by the Company due to your willful misconduct or non-performance, the Company will provide you with two weeks notice of termination of employment. You likewise will provide the Company with two weeks written notice of your resignation from employment. When you promptly comply with the Company's instructions concerning relocation to or from a customer site, reasonable and documented relocation expenses will be reimbursed in accordance with the policies set forth by the Company, which includes but is not limited to written pre-approval of all estimated relocation expenses. In the event you resign or your employment is terminated for cause within two years after the effective date of your employment hereunder, you agree to repay in full all relocation expenses, other advances paid or reimbursed to you by the Company such as airfare and reasonable marketing costs and any lost profits or business opportunities caused in any way by the early termination.

Also, you agree to repay in full these same expenses or advances paid or reimbursed to you by the Company if you resign or your employment is terminated for cause within six months after the date of any relocation to a customer site. In such a case, you authorize the company to deduct and withhold such repayment in full from any compensation or other amounts otherwise owed or payable to you.

Page 1 of 2

Initials

Consultant
Initials

Employee Agreement – Raju Pralhad Rao Khandave

Employee Agreement

**4. Applicable Law And Injunctive Relief:** You further agree that: (i) the Company shall be entitled to injunctive relief as well as damages for any violation by you of paragraphs 1 and 2 of this Agreement (which shall survive the termination of this Agreement and your employment); (ii) Michigan law shall govern this Agreement and its enforcement; (iii) jurisdiction and venue is proper in any proceeding to enforce rights hereunder filed in any court located in Oakland County, Michigan; and (iv) paragraphs 1, 2 and 3 are intended to be enforced in accordance with their terms but that such terms shall be deemed modified as necessary to render them valid and enforceable to the fullest extent permissible by applicable law.

**5. Arbitration:** Any dispute, claim or controversy arising under this Agreement or in connection with your employment with the Company shall be submitted to binding arbitration before the American Arbitration Association in Southfield, Michigan and that a judgment of the Oakland County Circuit Court may be entered upon any award issued by the American Arbitration Association. You agree that you will be responsible for all costs associated with such arbitration, including reasonable attorney fees, if the Company prevails on its claims or defenses in any respect.

**6. Entire Agreement:** This Agreement represents the entire agreement of the parties and it supersedes all prior statements, discussions and understandings and may be amended only in writing signed by both parties. This Agreement is effective upon HTC applying for your H-1B visa or upon joining HTC, whichever is earlier.

**7. Invalid Provision:** The invalidity or unenforceability of any particular provision of this Agreement shall not affect the other provisions hereof, and this Agreement shall be construed as if such invalid or unenforceable provisions were omitted.

**8. Assignment:** This Agreement may not be assigned by you unless you first obtain written consent from the Company. This Agreement may be assigned by the Company upon written notice to you.

**9. Intellectual Property:** Any intellectual property, whether patented or not, developed by, or in any way associated with you and the business of the Company during the term of this Agreement shall be and remain the property of the Company.

**10. Successor:** This Agreement shall be binding upon and inure to the benefit of the Company and you and their successors and assigns.

If you have any questions about this Agreement, please do not hesitate to call me. Your signature below confirms that you have not been directly or indirectly coerced to sign this Agreement.

Sincerely,

Sutbir Randhawa                   Date
Vice President

Agreed to and accepted with the
express intent to be legally bound:

Signature                          Date

Raju Pralhad Rao Khandave

Page 2 of 2

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

# EXHIBIT B



Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

June 22, 2012

*Via First Class And Registered Mail*
*and E-Mail at raju.khandave@gmail.com*

*Raju Khandave*
*801, Deer Creek Dr*
*Plainsboro NJ 08536*

Re:   *HTC Global Services, Inc./Raju Khandave/Employment Agreement*

Dear Mr. Khandave:

This has reference to the telephonic discussion that I had with you on June 14, 2012. During our conversation you acknowledged accepting a position at one of our customer locations through another vendor. I did bring to your attention the obligations under the Employment Agreement you signed on April 18, 2006, while you were employed by HTC.

In your Employment Agreement, you promised that, for a period of two years after the termination of your employment, regardless of the reason for such termination, you would not directly or indirectly solicit the business of, or provide any software engineering or related services to any of HTC's customers. This two-year restriction is extended by the length of time you are in breach of the Employment Agreement.

You had told me that you would ask your current employer to immediately move you out of the current customer location, honoring your employment agreement obligations signed with HTC. Please take appropriate action to remedy the above matter and get back to us by Thursday, June 28th, 2012.

Please be advised that HTC intends to enforce its rights under your Employment Agreement, including appropriate legal action, if the above is not complied with.

Please feel free to contact me if you have any questions.

Very truly yours,

Suresh Subramanian
Vice President, HR

Cc: HTC's Corporate Attorney – John G. Coutilish

**HTC Global Services**
**World Headquarters**
3270 West Big Beaver Road, Troy, MI 48084
Phone: 248.786.2500 • Fax: 248.786.2515    Web: www.htcinc.com
USA • India • Malaysia • Singapore • Australia • United Kingdom • Canada • Hong Kong

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

# EXHIBIT C

LAW OFFICES
# JOHN G. COUTILISH, P.C.
5700 CROOKS ROAD
SUITE 220
TROY, MICHIGAN 48098
PHONE (248) 375-1000
FAX (866) 862-1546
E-MAIL: coutilish@comcast.net

*JOHN G. COUTILISH*

*DONALD A. DELONG,
OF COUNSEL*

June 29, 2012

Cognizant Technology Solutions
500 Frank W. Burr Blvd.
Teaneck, NJ 07666

Dear Sir/Madam:

This office represents HTC Global Services, Inc. ("HTC").

Upon information and belief, Cognizant Technology Solutions recently hired Raju Khandave ("Khandave") to work at Aetna, Inc., ("Aetna") located in Blue Bell, Pennsylvania. Khandave is a former employee of HTC. Attached please find an Employee Agreement between HTC and Khandave dated April 18, 2006 ("Agreement"). Khandave terminated his employment with HTC effective August 13, 2012. Aetna is a customer of HTC.

Paragraph 2 of the Agreement restricts Khandave from directly or indirectly working for any customer of HTC for two years following the termination of his employment with HTC. Therefore, Khandave is currently in violation of the Agreement and has been so notified by HTC.

Please contact the undersigned immediately regarding this matter. HTC would prefer not to seek court intervention to enforce its rights under the Agreement, including injunctive relief, but, will do so, if necessary.

Very truly yours,

/s/ JOHN G. COUTILISH

Cc      Raju Khandave
JGC/tmc

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

HTC GLOBAL SERVICES, INC.,
a Michigan Corporation

        Plaintiff,

v.

RAJU KHANDAVE and
COGNIZANT TECHNOLOGY SOULTIONS,
a Foreign Corporation

        Defendants.

_____/

2012-128297-CK
JUDGE GRANT

Case No. 2012     -CK
Hon.

JOHN G. COUTILISH (P40562)
Attorney for Plaintiff
5700 Crooks Road
Suite 220
Troy, Michigan 48098
(248) 375-1000

_____/

## EX PARTE MOTION FOR A SHOW CAUSE ORDER AND PRELIMINARY INJUNCTION

      Plaintiff, through its undersigned counsel, John G. Coutilish, P.C. requests that this

Honorable Court issue an order to show cause why a preliminary injunction should not be issued

pursuant to MCR 3.310 for the following reasons and those outlined in the attached brief in

support:

      1.     Plaintiff has filed a Complaint with the Court, which is incorporated

herein by this reference.

      2.     As stated in Plaintiff's Complaint, Defendant RAJU KHANDAVE

("KHANDAVE") entered into an Employment Agreement with Plaintiff.

3.     Defendant KHANDAVE has consented to the issuance of an injunction in his Agreement with Plaintiff.

4.     Defendant KHANDAVE has breached the Agreement, by virtue of his violations set forth in this Complaint.

5.     Plaintiff HTC has no adequate remedy at law for the actions of Defendants will cause Plaintiff HTC irreparable harm as a result of Defendant KHANDAVE's breach of Paragraph 2 of the Agreement.

6.     Defendants will, unless restrained preliminarily and permanently, continue to violate Plaintiff HTC's rights by Defendant KHANDAVE continuing to be assigned by Defendant COGNIZANT at Plaintiff HTC's customer in Blue Bell, Pennsylvania.

7.     Accordingly, a preliminary and permanent injunction restraining and enjoining Defendants from continuing these actions is the only remedy that will afford Plaintiff HTC meaningful relief.

8.     Pursuant to MCR 3.310 and the Agreement, Plaintiff respectfully request that this Honorable Court issue a Preliminary Injunction prohibiting Defendants KHANDAVE and COGNIZANT from assigning Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania, or any other customer of Plaintiff HTC, for a period of two (2) years.

WHEREFORE, Plaintiff HTC Global Services, Inc., respectfully requests that this Honorable Court enter an Injunction prohibiting Defendants KHANDAVE and COGNIZANT from assigning Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania or any other customer of Plaintiff HTC, for a period of two (2) years.

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

JOHN G. COUTILISH, P.C.

/s/ John G. Coutilish
John G. Coutilish (P40562)
Attorney for Plaintiff
5700 Crooks Road
Suite 220
Troy, Michigan 48098
(248) 375-1000

Dated: July 23, 2012

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

HTC GLOBAL SERVICES, INC.,
a Michigan Corporation

        Plaintiff,

v.

RAJU KHANDAVE and
COGNIZANT TECHNOLOGY SOULTIONS,
a Foreign Corporation

        Defendants.

_____/

2012-128297-CK
JUDGE GRANT

Case No. 2012     -CK
Hon.

JOHN G. COUTILISH (P40562)
Attorney for Plaintiff
5700 Crooks Road, Suite 220
Troy, Michigan 48098
(248) 375-1000

_____/

## BRIEF IN SUPPORT OF EX PARTE MOTION FOR A SHOW CAUSE ORDER AND PRELIMINARY INJUNCTION

Plaintiff HTC Global Services, Inc., ("HTC") has filed a Complaint with the Court, which is incorporated herein by this reference.

On April 18, 2006, Defendant KHANDAVE entered into an Employment Agreement with Plaintiff HTC ("Agreement"). See, attached Exhibit "A".

Paragraph 2 of the Agreement restricts Defendant KHANDAVE from directly or indirectly working for any customer of Plaintiff HTC for two years following the termination of his employment with Plaintiff HTC. See, attached Exhibit "A".

Paragraph 5 of the Agreement entitles Plaintiff HTC to injunctive relief, among other things, if Defendant KHANDAVE violates Paragraph 2 of the Agreement. See, attached Exhibit "A"

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

On April 13, 2012, Defendant KHANDAVE voluntarily terminated his relationship with Plaintiff HTC and, upon information and belief, joined Defendant COGNIZANT

Upon information and belief, Defendant COGNIZANT assigned Defendant KHANDAVE to a customer of Plaintiff HTC at that customer's facilities in Blue Bell, Pennsylvania.

On June 22, 2012, Plaintiff HTC notified Defendant KHANDAVE that his assignment at Plaintiff HTC's customer violates the Agreement. See, attached Exhibit "B".

On June 29, 2012, Plaintiff HTC notified Defendant COGNIZANT that its assignment of Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania violates the Agreement. See, attached Exhibit "C".

To date, upon information and belief, Defendants have failed and/or refused to remove Defendant KHANDAVE from working at Plaintiff HTC's customer in Blue Bell, Pennsylvania.

To date, upon information and belief, Defendants have failed and/or refused to remove Defendant KHANDAVE from working at Plaintiff HTC's customer in Blue Bell, Pennsylvania.

Defendant KHANDAVE has consented to the issuance of an injunction in the Agreement.

**HTC Will Satisfy The Standard For A Preliminary Injunction.**

The object of a preliminary injunction is to preserve the *status quo* without injury to either party until final adjudication. <u>Niedzialek v. Barbers Union</u>, 331 Mich. 296, 301; 49 N.W.2d 273 (1951). Issuance of an injunction involves a four-factor analysis:

(1)  The likelihood of HTC's success on the merits; and

(2)  Whether the injunction will save HTC from irreparable injury;

(3)  Whether the injunction would harm others; and

2

(4)      Whether the public interest would be served by the injunction. Id.

HTC can successfully demonstrate that it has a likelihood of succeeding on the merits of its claims, that HTC will be irreparably harmed if Defendant KHANDAVE is allowed to work at HTC's customer in Blue Bell, Pennsylvania and that the harm to HTC outweighs any possible harm there might be to Defendant, and that granting the preliminary injunction certainly serves the public interest.

### 1.  HTC will prevail on the merits because Defendant KHANDAVE violated his Agreement.

HTC will prevail on the merits because there is no dispute that Defendant KHANDAVE has violated his express Agreement following his cessation of employment with HTC.

With the repeal of MCLA 445.761 in 1985, it is now clear that Michigan courts will enforce restrictive covenants, including Non-Compete and Non-Disclosure Agreements against employees if they are found to be reasonable. Rehmann, Robson & Co. v. McMahan, 187 Mich. App. 36, 46; 66 N.W.2d 325 (1991), appeal denied, 438 Mich. 857 (1991).

In finding restrictive covenants necessary to protect trade secrets and confidential information, the Michigan Legislature has affirmatively changed the law in Michigan and now enforces reasonable covenants not to compete. MCLA 445.774a specifically provides:

Sec. 4a.(1) An employer may obtain from an employee an agreement or covenant which protects an employer's reasonable competitive business interests and expressly prohibits an employee from engaging in employment or a line of business after termination of employment if the agreement or covenant is reasonable as to its duration, geographical area,

3

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

and the type of employment or line of business.  To the extent any such agreement or covenant is found to be unreasonable in any respect, a court may limit the agreement to render it reasonable in light of the circumstances in which it was made and specifically enforce the agreement a limited.

Because Michigan case law regarding the reasonability of restrictive covenants is limited, it is proper to look to the law in other jurisdictions for guidance in judging reasonableness.  The reasonableness of a covenant is to be determined under developed common law.  Id, 154 Mich App at 368.

Thus, all claims contained in the Complaint will result in success on the merits.

### 2.  If Preliminary Injunctive relief is not granted, HTC will suffer irreparable injury.

The facts demonstrate that HTC will suffer irreparable injury if a preliminary injunction is not granted.  In discussing irreparable harm, the Michigan Supreme Court has noted that:

"An injury to be irreparable need not be such as to render its repair physically impossible; but it is irreparable when it cannot be adequately compensated in damages, or when there exists no certain pecuniary standard for the measurement of damages due to the nature of the right or property injured."

Ainsworth v. Hunting & Fishing Club, 153 Mich. 185, 191; 116 N.W. 99 (1908).

HTC will suffer irreparable injury if Defendant KHANDAVE breach of the Agreement is not enjoined.  It would not be possible to measure HTC's actual loss that will necessarily occur, the injury to HTC would likely be irreparable.

4

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

**3.  The harm to HTC if a Preliminary Injunction is denied outweighs the harm to Defendants if it is granted.**

Balancing the hardships is easy in this case. There will be no hardship to Defendants in enjoining further breaches of the Agreement. If this Court grants Plaintiff HTC's Motion and issues a preliminary injunction, Defendant will simply be enjoined from being assigned to HTC's customers for a period of two years and can continue to work for Defendant COGNIZANT. It is indisputable that the harm he will suffer should this Court grant the injunction does not outweigh the harm that HTC will suffer should this court deny the injunction.

The injunction requested by HTC <u>only</u> seeks to enforce the Agreement. Such an injunction merely prevents Defendant from continuing his wrongful acts which interfere with HTC's contractual rights.  Michigan courts have upheld the use of injunctive relief in such circumstances. <u>See</u>, <u>e.g.</u>, <u>International Union, United Auto., etc., Local 6000 v. State</u>, 194 Mich.App. 489, 497-98, 507-08; 491 N.W.2d 855, appeal denied, in part, stay denied, 440 Mich. 858; 486 N.W.2d 686 (1992) (upholding issuance of injunction, which among other things, prohibited implementation of a downsizing plan and layoffs).

**4.  The Public Interest supports the issuance of a Preliminary Injunction**

In 1985, the Michigan Legislature repealed MCLA 445.761, eliminating the prior prohibition on employment agreements containing restrictive covenants.  In enacting MCLA ' 445.744a, the Legislature specifically provided that restrictive covenants contained in employment agreements should be enforced to the extent they are reasonable.  Thus, Agreements which are reasonable should be enforced.  The Legislature has confirmed, therefore, that the public interest

5

Received for Filing Oakland County Clerk 2012 JUL 23 PM 04:04

supports the enforcement of reasonable restrictive covenants.  If the courts do not enjoin parties to such agreements from violating them, then the statute becomes a dead letter.

The public also has an interest in proper adjudication of disputes.  The object of a preliminary injunction is to preserve the status quo (i.e., the noncontested status which precedes the pending controversy). Detroit v. Salaried Phys., UAW, 165 Mich. App. 142, 151; 418 N.W.2d 679 (1987) (emphasis supplied).

A preliminary injunction would simply assure that no further injury will result to HTC pending a final hearing on the rights of the parties.  It would simply hold Defendant KHANDAVE to his contractual obligations and preclude them from working with HTC's clients. Thus, the public interest supports not only the enforcement of reasonable agreements, but also the enjoining of violations of such agreements prior to a trial on the merits.

WHEREFORE, Plaintiff HTC Global Services, Inc., respectfully requests that this Honorable Court enter an Injunction prohibiting Defendants KHANDAVE and COGNIZANT from assigning Defendant KHANDAVE at Plaintiff HTC's customer in Blue Bell, Pennsylvania or any other customer of Plaintiff HTC, for a period of two (2) years.

JOHN G. COUTILISH, P.C.

/s/ John G. Coutilish
John G. Coutilish (P40562)
Attorney for Plaintiff
5700 Crooks Road, Suite 220
Troy, Michigan 48098
(248) 375-1000

Dated: July 23, 2012

6